NOT YET SCHEDULED FOR ORAL ARGUMENT

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| BOUTIQUE AIR INC.,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, AND PETE BUTTIGIEG, IN HIS OFFICIAL CAPACITY AS SECRETARY OF TRANSPORTATION,<br><br>Respondents. | Civ. No. 24-1314<br>(Jackson, TN) |

**PETITIONER'S NONBINDING STATEMENT OF ISSUES TO BE RAISED**

Pursuant to the Court's order dated October 9, 2024, Petitioner Boutique Air Inc. ("Petitioner" or "Boutique") respectfully submits this Nonbinding Statement of Issues to be Raised in this case which seeks review of an August 8, 2024 decision of the Respondent United States Department of Transportation, Office of the Secretary ("Respondent," "Department" or "DOT") to reject the application of Petitioner to provide Essential Air Service ("EAS") to the McKellar-Sipes Regional Airport in Jackson, Tennessee Airport ("Airport"), and instead award the EAS contract to a competitor airline – Key Lime Air Corporation d/b/a Denver Air Connection "for the four-year term from December 1, 2024, through November 30, 2028" ("Order

Selecting Air Carrier," DOT Docket No. DOT-OST-2000-7857, Order 2024-8-4 (the "EAS Decision") (submitted as **Exhibit 1** to the Petition for Review).

1. Whether the EAS Decision should be vacated pursuant to 5 U.S.C. § 706(2) because it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; without of procedure required by law; and/or unsupported by substantial evidence in the record.

2. Whether the EAS Decision is contrary to statute, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, because the entity that Respondent DOT chose for the EAS award – Denver Air Connection – proposed to provide less frequent flights than Boutique Air and demanded a subsidy that is millions of dollars higher than any of Boutique Air's proposal options in only the first year, resulting in an irresponsible use of limited government resources, and ignoring the clear directive of Congress that mandated that the Department's EAS program reduce unnecessary spending.

3. Whether Respondent DOT can avoid meaningful judicial review by failing to acknowledge or act on Boutique's petition for reconsideration of the EAS decision in a timely or transparent manner, but nevertheless claim that the Petition for Review is not ripe because Boutique filed a petition for reconsideration that the agency has entirely ignored.

Petitioner reserves the right to raise different or additional issues in its Opening Brief.

Respectfully submitted,

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.
D.C. Bar 416953
D.C. Circuit Bar No. 39860
CLARK HILL PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone: (202) 552-2388
Email: rgoldberg@clarkhill.com

Counsel for Petitioner Boutique Air Inc.

Dated: November 4, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, I caused a true and correct copy of the foregoing Statement of Issues to be Raised to be served on all counsel of record who have entered an appearance and are able to download pleadings from the CM/ECF system by filing this document with the Court through the CM/ECF system.

/s/ Roy Goldberg
Roy Goldberg